**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4024**

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

DERRICK ANTHONY LUCAS, a/k/a Ease Up,

               Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:07-cr-00794-TLW-1)

Submitted:  August 26, 2009        Decided:  October 7, 2009

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

T. Kirk Truslow, TRUSLOW LAW FIRM, LLC, North Myrtle Beach, South Carolina, for Appellant.  W. Walter Wilkins, United States Attorney, Carrie A. Fisher, Alfred W. Bethea, Assistant United States Attorneys, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Anthony Lucas was convicted by a jury of possession with intent to distribute five grams or more of cocaine base (crack), 21 U.S.C. § 841(a), (b)(1)(B) (2006) (Count 1); using and carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A) (2006) (Count 2), and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2006) (Count 3). He received a total sentence of 324 months imprisonment for Counts 1 and 3, with a sixty-month consecutive sentence for Count 2. Lucas appeals his sentence, contending that the district court erred in finding that his prior drug activity constituted relevant conduct under U.S. Sentencing Guidelines Manual § 1B1.3(a) (2008). We affirm.

Lucas sold 1.5 grams of marijuana to a confidential informant in July 2005. A search warrant was executed at his home. When the officers entered, Lucas was exiting the kitchen where powder cocaine was being cooked into crack. Twelve bags of marijuana packaged for sale were recovered, as well as a .357 Magnum revolver that was found under Lucas' mattress. After federal charges were brought against Lucas, investigators interviewed six persons who described crack and marijuana transactions with him going back to the early 1990's. One witness testified at Lucas' trial. Information from all six was

2

used to calculate the quantity of crack attributable to Lucas for sentencing purposes.

"When a defendant has committed multiple offenses similar to the charged offense, all conduct that is 'part of the same course of conduct or common scheme or plan as the offense of conviction' constitutes relevant conduct" under USSG § 1B1.3(a)(2). United States v. Hodge, 354 F.3d 305, 312-13 (4th Cir. 2004) (quoting USSG § 1B1.3(a)(2)); see also United States v. Dugger, 485 F.3d 236, 241-42 (4th Cir. 2007) (same). Application Note 9(B) to § 1B1.3 provides that prior offenses are part of the same course of conduct if "they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." Hodge, 354 F.3d at 313. Criminal acts may be part of the same course of conduct even if they do not involve common participants and are not connected by an overall scheme. Id. Factors to be considered in determining whether offenses are part of the same course of conduct "include the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." Id. (quoting Application Note 9(B)). The sentencing court's determination that prior drug activity constituted relevant conduct because it was part of the same course of conduct as the offense of conviction is reviewed for clear error. Id.

3

Lucas correctly asserts that the instant offense and his prior drug activity were not part of a common scheme or plan. USSG § 1B1.3, comment. (n.9(A)). He also argues that his prior conduct was not part of the same course of conduct as the instant offense because he was not convicted of conspiracy and, with respect to each witness' statement, he claims that "[t]he offense of conviction was possession of drugs," while the prior "activity [was] drug transacting" which was unconnected to the instant offense. In fact, Lucas' current offense is possession with intent to distribute, not simple possession. He was in the act of cooking powder cocaine into crack when the search was executed at his home and bags of marijuana packaged for sale were also found in his home. These facts show a high degree of similarity between his current offense and his prior drug activity, which involved sale of both crack and marijuana.

Lucas argues that, taking each witness separately, there was little regularity (number of repetitions) in his dealings with each of them, and there was often a considerable lapse of time between his various transactions with them. In addition, most of the prior drug transactions were remote in time from the instant offense. However, the evidence of Lucas' prior drug activities established that he consistently bought and sold cocaine, crack, and marijuana over a ten-to-fifteen year period in Hartsville and the surrounding county.

4

Not all prior drug activity is necessarily relevant conduct. See Dugger, 485 F.3d at 241-42 (defendant's involvement in scheme to sell marijuana and Xanax while in detention for crack distribution was not relevant conduct because of lack of continuity or similarity between conduct in detention and pre-detention crack sales, which occurred a year earlier). However, here, the offense of conviction was exactly the same kind of conduct as the prior drug activity described by the witnesses. Therefore, the district court did not clearly err in finding that the offense of conviction was part of the same course of conduct as Lucas' prior drug activity.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED